(C.D. 4044)

ASTRA TRADING CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 10, 1970)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

NEWMAN, Judge: This case concerns the proper tariff classification for certain automobile spotlights. The merchandise was classified by the Government as "Other" illuminating articles of base metal, and assessed with duty at the rate of 19 per centum ad valorem under item 653.39 of the Tariff Schedules of the United States (TSUS), as modified by Pres. Proc. 3822 (Kennedy Round), December 16, 1967, 32 F.R. 19002.

Plaintiff has interposed three claims in the alternative:

1. Item 683.65, TSUS, as amended by the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 79 Stat. 933: Electric lighting equipment designed for motor vehicles, 7½ per centum ad valorem.

2. Item 685.70, TSUS: Electrical visual signalling apparatus, 7 per centum ad valorem.[1]

3. Item 688.40, TSUS: Electrical articles not specially provided for, 10 per centum ad valorem.

We overrule the protest, for the reasons stated hereinafter.

---

[1] The correct rate of duty under this item on the date of entry was 7½ per centum ad valorem.

The record consists of the testimony of Louis Silverman, plaintiff's traffic manager, and two exhibits introduced in evidence by plaintiff: Exhibit 1—a representative sample of the auto spotlight; and exhibit 2, illustrative—a photograph depicting the spotlight.

The subject article is a hand light with a fifteen-foot cord. At the end of the cord, there is a jack designed to be plugged into a cigarette lighter receptacle of an automobile; and the spotlight is designed specifically to utilize the twelve-volt battery of an automobile as a source of power. The fifteen-foot cord permits the spotlight to be used outside the vehicle. It appears that the spotlight has the following uses: as an emergency light (in lieu of existing lights) to warn oncoming traffic when the car is stalled on the road; to illuminate the car under the hood when servicing the motor; and to illuminate dark areas at night, as when looking for a house or an address. The spotlight is not specifically designed for use, nor is it normally used, when the car is moving, except possibly at a very slow rate of speed, "maybe five miles an hour" (R.16) when the user is looking for a house address at night. When Silverman was pressed on cross-examination to explain how the latter use contributed to the safe and efficient operation of the automobile, he testified (R.17):

> A. As far as to the best of my ability, *it could possibly be used* on certain circumstances on areas, particularly dark, and the spotlight thrown out in front of you might not cover an area in the side of the road, if the visibility is poor and the normal functions of your light is not enough because of the fog, I think there can be occasions where it could be utilized. [Emphasis added.]

> Judge Ford: Would that be a normal use?

> The Witness: No, that is a side use, I would say.

Under all the facts and circumstances, we find that the spotlights are not required for, and indeed do not even contribute to, the safe and efficient operation of an automobile.

Plaintiff and retail stores sell the instant spotlights as automobile accessories, and in the opinion of plaintiff's witness the spotlight is an accessory.

The Government's position is that the spotlights, although designed for motor vehicles, are "accessories", and that item 683.65 encompasses only such articles as would have been classifiable as "parts" of automobiles under paragraph 369(c), Tariff Act of 1930, citing H.R. Rep. No. 342, 89th Congress, 1st Session, accompanying the Tariff Schedules Technical Amendments Act of 1965, H.R. 7969, which became Public Law 89–241. Plaintiff, on the other hand, although conceding that the spotlights are "illuminating articles", argues that they are more specifically provided for under item 683.65 than under item 653.39. Additionally, plaintiff urges that this court may not use extrinsic aids to ascertain Congressional intent in item 683.65 since

the statute is clear; and that to read into the provision the limitation urged by defendant would be creating an ambiguity where none existed.

As we read the language of item 683.65, the word "equipment" is not so definite and certain as to convey an exact understanding of the meaning intended by Congress. Thus, we think it entirely appropriate to examine the legislative history of the provision as an aid to construction. Cf. *Amity Fabrics, Inc.* v. *United States*, 51 Cust. Ct. 97, C.D. 2416 (1963).

Item 683.65 was added to the schedules by the Tariff Schedules Technical Amendments Act of 1965. When the bill (H.R. 7969) was before the House of Representatives, the Committee on Ways and Means issued H.R. Rep. No. 342, *supra*, which states (pages 22–23) that section 30 (headed "AUTOMOBILE, ETC., PARTS.") involves a number of classes of articles which, although known by more specific names and descriptions, are commonly referred to individually or collectively as "parts" of articles. After referring to the treatment of "parts" under the old tariff act and under the new tariff schedules, the report points out that some of the specific provisions for "parts" in the tariff schedules were carried over from similar provisions in the old act, but that many provisions were derived from fragments of a number of "parts" provisions and reflected rates of duty, which were estimated weighted averages of the complex of rates previously applicable. The report then continues (pages 23, 25):

### 3. Proposed changes

It now appears in the light of more complete data available that certain of the estimated weighted average rates of duty in the TSUS be changed.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(h) *Lighting equipment designed for motor vehicles.*—Subsection (h) of section 30 sets up a new item for lighting equipment designed for motor vehicles, and parts thereof, at 8½ percent ad valorem. This new item 683.65 applies principally to equipment presently covered by item 653.40 [illuminating articles of base metal] for which the rate is 19 percent ad valorem. *Under the former tariff schedules the articles covered by proposed new item 683.65 were classified as automotive parts at 8½ percent ad valorem.* [Italics added in part.]

The new item will apply, for example, to headlamp assemblies consisting of sealed beam units and their frames and mountings. It should be noted, however, that this amendment does not affect the status of sealed beam lamps imported separately; such lamps are specifically provided for in item 686.60.

The new provision is not limited to headlight assemblies; it also covers other motor vehicle lighting equipment such as taillight assemblies and parking light assemblies.

The report of the Senate Committee on Finance states that it accepted section 30(h) in the House-passed bill without change (Sen. Rep. No. 530 of August 2, 1965, pages 25, 29).

It is apparent, then, that only such articles which are automotive parts (formerly dutiable at the rate of 8½% under paragraph 369(c), Tariff Act of 1930, as modified) were intended by Congress to be covered by the new item 683.65. This interpretation is consistent with the indicated purpose of the amendment, i.e., to correct the inadvertent increase in duty on such parts from 8½% under prior law to 19% under item 653.40, thus restoring for automobile lighting equipment the former rate of duty applicable to automobile parts.

In *Herbert G. Schwarz, dba Ski Imports* v. *United States*, 60 Cust. Ct. 522, C.D. 3447, 284 F. Supp. 792 (1968), *aff'd* 57 CCPA 19, C.A.D. 971 (1969), the question presented was whether certain automobile luggage racks and ski carriers were classifiable as "fittings, and mountings, designed for motor vehicles" under item 647.01, TSUS, as amended by the Tariff Schedules Technical Amendments Act of 1965. In determining the scope and meaning of the term "fittings and mountings" in item 647.01, both this court and the appellate court considered the comments in H.R. Rep. No. 342, *supra*, concerning section 30(a) of the Technical Amendments Act bill—(H.R. 7969), and concluded that Congress intended that "fittings and mountings" covered only such parts as were formerly provided for in paragraph 369(c) of the Tariff Act of 1930. H.R. Rep. No. 342 makes it clear that Congress had a similar intent respecting "lighting equipment designed for motor vehicles" covered by section 30(h) of the Technical Amendments Act bill.

Plaintiff also argues that if extrinsic aids may be used to ascertain Congressional intent, then the Brussels Nomenclature supports its claim. Heading 85.09 of the Brussels Nomenclature covers: "Electrical lighting * * * equipment * * * for * * * motor vehicles." In the *Explanatory Notes to the Brussels Nomenclature* Volume 3, page 1413, among the exemplars listed under Heading 85.09 are: spotlights; search lamps of a kind used on police cars and the like (including those which, attached to a length of cable, can be used as hand lamps); and portable emergency lamps for connection to the car battery to warn road traffic in cases of a breakdown of the lighting system.

In *Robert Bosch Corp., Arthur J. Fritz & Co.* v. *United States*, 63 Cust. Ct. 96, C.D. 3881 (1969), this court found that "[t]he language of item 683.65 seemingly derives from item 85.09 of the Brussels Nomenclature * * * ." See also *British Auto Parts, Inc., Ted L. Rausch* v. *United States*, 63 Cust. Ct. 105, C.D. 3882 (1969). Accordingly, in those cases the Brussels Nomenclature was adverted to as an aid in ascertaining Congressional intent. In the present case, we have

given this matter further consideration. While the *Tariff Classification Study Submitting Report* (November 15, 1960) points out that the Brussels Nomenclature had great influence "on the arrangement of the proposed revised schedules"[2] (id. page 8), there is no similar indication in H.R. Rep. No. 342 that the Brussels Nomenclature had any influence on the drafting of the Technical Amendments Act bill (H.R. 7969). Therefore, since item 683.65 was not included in the tariff schedules as originally enacted, but was subsequently inserted into the schedules by the Technical Amendments Act, we have now concluded that the Brussels Nomenclature may not be relied upon in ascertaining Congressional intent in item 683.65.[3]

Inasmuch as we have determined that the "equipment" encompassed by item 683.65 would have been classifiable as automotive parts under paragraph 369(c), we must determine whether the spotlights would have been so classifiable.

We think that the auto spotlights herein are accessories, as contended by defendant, rather than parts of automobiles as that term has been construed. In *Schwarz*, the automobile luggage racks and ski carriers therein were held not to be parts of automobiles, but merely accessories. We quote from the pertinent portion of the appellate court's opinion (Customs Bull., Vol. 3, No. 51, p. 21):

> Auxiliary equipment contributing to the safe and efficient operation of the vehicle has been held a part of an automobile. *Gallagher & Ascher Company* v. *United States*, 52 CCPA 11, C.A.D. 849 (1964).
>
> *United States* v. *Antonio Pompeo*, 43 CCPA 9, C.A.D. 602 (1955), held that superchargers were parts of automobiles, since although optional, when installed they became integral, constituent, and component parts without which the motors would not function.
>
> The court in *United States* v. *Cody Manufacturing Co., Inc.*, 44 CCPA 67, C.A.D. 639 (1957), discussing cases on "parts", quoted from *Peter J. Schweitzer (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 285, T.D. 42872 (1928), as follows:
>
> > * * * [W]hether an article is an accessory or an integral part of a machine depends, to a considerable extent, upon its use. If its use is casual, auxiliary or optional, it is an accessory.

---

[2] Title I of Public Law 768, 83rd Congress, 2nd Session (Customs Simplification Act of 1954), directed the Tariff Commission to make a comprehensive study of the customs laws and to compile a revision and consolidation of such laws into tariff schedules, which would simplify the determination and application of tariff classifications.

[3] By contrast, in *Schwarz*, the Brussels Nomenclature was considered in determining the meaning of "fittings and mountings" in item 647.01, which was inserted in the tariff schedules by the Technical Amendments Act of 1965. But, as pointed out by the appellate court, the predecessor item, 647.00, had the same *superior heading*, and it was that superior heading in the original schedules which the court held was derived from the Brussels Nomenclature.

If, however, it is used as an essential part, and if the machine is *incapable of performing its ordinary and proper functions without it*, it will be considered, at least for tariff purposes, as an integral part of the machine. [Italics quoted.]

Applying the principles derived from these cases, we therefore feel that appellant's ski and luggage carriers are completely accessories. They have added nothing directly to the safety of the vehicle, nor do they become an integral component part thereof. To the contrary the ski and luggage carriers are easily removed from the vehicle without damage or impairment to the machine and the vehicle is capable of performing its ordinary function without them. * * *

Here, to paraphrase a portion of the appellate court's decision in *Schwarz:*

Applying the principles derived from these cases, we therefore feel that [plaintiff's spotlights] are completely accessories. They have added nothing directly to the safety of the vehicle, nor do they become an integral component part thereof. To the contrary the [spotlights] are easily removed from the vehicle without damage or impairment to the machine and the vehicle is capable of performing its ordinary functions without them.

See also *Ted L. Rausch, Rocky Cycle Co.* v. *United States*, 63 Cust. Ct. 367, C.D. 3920 (1969), and cases cited therein, distinguishing accessories from parts. Since the spotlights are accessories rather than parts of automobiles, the spotlights do not fall within the purview of item 683.65.

Although plaintiff states in its brief that it "presses" its alternative claim under item 685.70 (visual signaling apparatus) no argument was presented concerning that claim, nor do we find any evidence in the record which supports it.

The additional alternative claim under item 688.40 (electrical articles not specially provided for) is without merit, inasmuch as such provision is less specific than item 653.39. See General Headnote 10(c).

The protest is overruled, and judgment will issue accordingly.