(C.D. 4090)

HOLLYWOOD ACCESSORIES v. UNITED STATES

United States Customs Court, Second Division

(Decided October 16, 1970)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Frederick L. Ikenson*, trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

NEWMAN, Judge: This case concerns the proper rate of duty to be assessed on certain automobile spotlights imported from Hong Kong in 1968 and entered at the port of Los Angeles. The merchandise was assessed with duty by the Government at the rate of 19 per centum ad valorem under the provision for "Other" illuminating articles of base metal in item 653.39 of the Tariff Schedules of the United States (TSUS), as modified by Pres. Proc. 3822 (Kennedy Round), December 16, 1967, T.D. 68–9.

Plaintiff claims that the spotlights are properly dutiable at the rate of 7.5 per centum ad valorem under the provision for "[e]lectric lighting equipment designed for motor vehicles * * *" in item 683.65, TSUS, as amended by the Tariff Schedules Technical Amendments Act of 1965, Pub. L. 89–241, and modified by T.D. 68–9, *supra*.

We overrule the protest.

The facts are these: The imported article is a hand-held spotlight with an attached cord ten feet in length. At the end of the cord, there is a jack designed to be plugged into a cigarette lighter receptacle of an automobile; and the spotlight is designed specifically to utilize the twelve-volt battery of an automobile as a source of power. The spotlight may be used in small aircraft or boats if an automotive-type cigarette lighter receptacle and twelve-volt power source are available. When plugged into the cigarette lighter receptacle, the spotlight is not permanently attached. The spotlight may be used at night in searching for house numbers or changing a tire.

On the rear of the spotlight there is a red "safety reflector." Plaintiff's president, Daniel Berkoff, explained the purpose of such reflector as follows (R.19) :

Q. When you say that the red reflector is a safety reflector, will you tell us how it's used, please?

A. It's used when in the course of changing tires, for example, any oncoming vehicle's beam could reflect against that reflector, thereby diverting an accident, I suppose.

Plaintiff sold the imported spotlights to automobile chain stores and automotive wholesale distributors, and the imports were advertised as "automobile spotlight[s], high intensity" (R. 10). Defendant's witness, Norman C. Barker, an import specialist with the Bureau of Customs, testified that in his opinion the spotlights in issue were primarily used in automobiles.

Turning now to the legal issue, defendant contends that our recent decision in *Astra Trading Corp.* v. *United States*, 65 Cust. Ct. 6, C.D. 4044 (1970), is controlling herein.[1] We agree.

*Astra* involved the same type of automobile spotlight and the same issue as now before us. The protest in that case was overruled. After considering the Congressional intent of item 683.65, as indicated in H.R. Rep. No. 342, 89th Cong., 1st Sess., accompanying the Tariff Schedules Technical Amendments Act of 1965, we concluded:

> * * * that only such articles which are automotive parts (formerly dutiable at the rate of 8½% under paragraph 369(c), Tariff Act of 1930, as modified) were intended by Congress to be covered by the new item 683.65. This interpretation is consistent with the indicated purpose of the amendment, i.e., to correct the inadvertent increase in duty on such parts from 8½% under prior law to 19% under item 653.40, thus restoring for automobile lighting equipment the former rate of duty applicable to automobile parts.

> \*　　\*　　\*　　\*　　\*　　\*　　\*

> Inasmuch as we have determined that the "equipment" encompassed by item 683.65 would have been classifiable as automotive parts under paragraph 369(c), we must determine whether the spotlights would have been so classifiable.

> We think that the auto spotlights herein are accessories, as contended by defendant, rather than parts of automobiles as that term has been construed. * * *

> \*　　\*　　\*　　\*　　\*　　\*　　\*

> * * * Since the spotlights are accessories rather than parts of automobiles, the spotlights do not fall within the purview of item 683.65.

---

[1] The present case was submitted on February 19, 1970. Plaintiff's brief was filed June 17, 1970. The *Astra* decision is dated July 10, 1970, and defendant's brief was filed on August 10, 1970. Understandably, no reference to *Astra* is made in plaintiff's brief; but no request has been made by plaintiff to reply to defendant's brief, which cites but one holding, *Astra*, as controlling.

294

Our findings and conclusions in *Astra* are entirely applicable to the present case. As in *Astra*, the present spotlights, although designed for use with motor vehicles, are not parts thereof, but rather are accessories. The record is clear that these spotlights do not contribute either to the safe or efficient operation of the vehicle. Indeed, this fact was conceded by plaintiff's witness, Mr. Berkoff (R. 16–17) :

> Q. In your opinion does Plaintiff's Exhibit 1 contribute to the safe operation of an automobile?—A. Does it contribute to the safe operation of the automobile—no; it doesn't contribute to the safe operation of the automobile.

While the red reflector on the back of the instant spotlights may contribute to the safety of a person changing a tire at the side of the road or on the highway, the record does not show that the reflector enhances the safety of the automobile except, perhaps, in a very incidental manner. Moreover, as pointed out in *Astra*, the spotlights do not become an *"integral component part"* of the vehicle. On the contrary, the spotlights are easily removed from the vehicle without damage or impairment to the machine, and the vehicle is capable of performing its ordinary function without them.

In sum, *Astra* is decisive. Accordingly, these plug-in spotlights are not the type of "equipment" which Congress intended to come within the purview of item 683.65, TSUS.

The protest is overruled, and judgment will be entered in conformity therewith.