(C.D. 4542)

ORNAMETALS, INC. *v.* UNITED STATES

Court No. 72-3-00523

(Decided May 17, 1974)

*Glad, Tuttle & White* (*Robert Glenn White* of counsel) for the plaintiff.
*Carla A. Hills*, Assistant Attorney General (*Patrick D. Gill* and *David B. Greenfield*, trial attorneys), for the defendant.

WATSON, Judge: This action places in issue the classification of imported "sissy bars", articles of shaped and welded metal bars made

for attachment to motorcycles. The importations were classified as other articles of iron or steel pursuant to item 657.20 of the Tariff Schedules of the United States, as modified by T.D. 68–9, and were assessed with duty at the rates of 13% and 11% ad valorem depending on the date of entry.

Plaintiff claims classification either as parts of furniture designed for motor vehicle use, dutiable pursuant to item 727.06 of the TSUS at the rates of 5.5% or 5% ad valorem or as parts of motorcycles, dutiable pursuant to item 692.55 at the rates of 8% or 7% ad valorem.

Four exhibits representative of the merchandise at issue were introduced in evidence. They are essentially V-shaped bars of metal approximately 3 feet in length from the point of the V to the open end. The distance between the tips at the open end is approximately 8 inches. The bars are bent approximately 1 foot from the open end so that an angle of approximately 100 degrees is created between the open end segment and the closed end segment.

Five witnesses were heard from regarding the development and use of "sissy bars". From the testimony, I gather that sissy bars were developed as a scaled-down imitation of more outlandish designs attached to the customized motorcycles of certain trend-setting motorcycle club members. Members of the so-called "chopper element" would modify their motorcycles in various manners including the fastening of metal bars to the seat or frame so that they protruded into the air behind the seat. The bars often had symbolic shapes incorporated into the design.

Plaintiff's witnesses emphasized the useful aspects of the importations stressing such uses as a backrest for driver or passenger or a place to fasten luggage or bedding. Defendant's witnesses emphasized the ornamental or decorative aspects of the sissy bars.

Based on my understanding of the testimony, examination of the exhibits and study of the case law, I am of the opinion plaintiff has failed to prove the imported articles are chiefly used either as parts of motor vehicle furniture or as parts of motorcycles. As to the first claim, assuming that motorcycle seats are furniture within the meaning of item 727.06, I am not persuaded the importations are the back part of the seat rather than an ornament whose position happens to be to the rear of the seat. In this regard, a comparison with the automobile headrests at issue in *Vilem B. Haan et al.* v. *United States*, 67 Cust. Ct. 104, C.D. 4260 (1971), is revealing.

In the *Haan* case, adjustable headrests, which slipped over the back of an automobile front seat and extended the support and protection of the seat to the head and neck, were held to be parts of motor vehicle furniture. The design intention and function of the headrests were unmistakably clear and their contribution to the safe

operation of the automobile undeniable. The same cannot be said of these "sissy bars". I do not find they were designed to provide a back for motorcycle seats or that when installed they are chiefly used as a seat back. I am of the opinion, based on the testimony, that the use of the "sissy bar" alone as a seat back is an unusual adaptation requiring an unconventional and uncomfortable driving posture. I am further inclined to this view in light of the testimony that bedrolls or custom-designed pads are used to make the "sissy bar" more comfortable when used as a backrest. This suggests to me that in its original form the sissy bar is not normally useful as a backrest. For the above reasons, the importations cannot be classified as parts of motor vehicle furniture.

Plaintiff's claim for classification as parts of motorcycles is similarly without merit. Aside from use as a backrest which I have previously characterized as unusual and the possible use as a convenient protrusion to which bedrolls, knapsacks or luggage may be lashed, I find no ground to believe the "sissy bars" are useful in the operation of a motrocycle. I consider them far less utilitarian than the rear luggage carriers in *Ted L. Rausch, Rocky Cycle Co.* v. *United States*, 63 Cust. Ct. 367, C.D. 3920 (1969). In that case specially designed luggage carriers, made for attachment to motorcycles, were held not to be parts of motorcycles on the ground they did not contribute to the operation of the motorcycle as essentially a passenger carrying vehicle. Cf. *Herbert G. Schwarz, dba Ski Imports* v. *United States*, 57 CCPA 19, C.A.D. 971, 417 F. 2d 1391 (1969).

Since I find the bars at issue to be primarily ornamental and decorative, they do not begin to be useful in the sense in which a part must be useful. Accordingly, they cannot be parts of motorcycles. See, *Trans Atlantic Company* v. *United States*, 48 CCPA 30, C.A.D. 758 (1960). See also, *Mattel, Inc.* v. *United States*, 61 Cust. Ct. 75, C.D. 3531, 287 F. Supp. 999 (1968); *Oxford International Corp.* v. *United States*, 72 Cust. Ct. 187, C.D. 4540 (1974).

For the reasons set out above, the classification of the importations as other articles of iron or steel under item 657.20 must be sustained. Judgment will issue accordingly.